UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMMANUEL ENO-IDEM,

    Plaintiff,

v.

WILLIE STEWART,

    Defendant.

No. 2:18-cv-1128-KJM-KJN PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff Emmanuel Eno-Idem, proceeding without counsel, commenced this action and requested leave to proceed *in forma pauperis*. (ECF Nos. 1, 2.)

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of

citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

Liberally construed, plaintiff's complaint alleges that his roommate, defendant Willie Stewart, took and/or retained plaintiff's mail, which purportedly included checks and donations, without plaintiff's permission.  Plaintiff attempts to state a claim under 18 U.S.C. § 1702, a federal criminal statute relating to obstruction of correspondence.  However, plaintiff as a private citizen does not have standing to prosecute a claim under a criminal statute.

Additionally, to the extent that the complaint can be read to state some type of civil claim for conversion or misappropriation of personal property, such a claim would be a state law tort claim over which this court does not have federal question jurisdiction.  Nor does this court have diversity of citizenship jurisdiction, because both plaintiff and defendant are residents of California.

Therefore, the court lacks subject matter jurisdiction over the action and recommends that the case be dismissed.  However, such dismissal should be without prejudice, allowing plaintiff to pursue any potential claims in state court.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without prejudice for lack of subject matter jurisdiction.
2. Plaintiff's motion to proceed *in forma pauperis* in this court (ECF No. 2) be denied without prejudice as moot.
3. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations.  With the exception of objections to the findings and recommendations, and non-frivolous motions for emergency relief, the court will not entertain or respond to any motions or filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: June 7, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE